961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy NEFF, Plaintiff-Appellant,
and
Laura Neff, Plaintiff,
v.
COLECO INDUSTRIES, INC., a Connecticut corporation, Defendant-Appellee,
and
J.C. Penney Company, Inc., a Delaware corporation, Defendant.
 No. 91-3137.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1992.
 
 Before SEYMOUR, SETH and ALDISERT*, Circuit Judges.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Timothy Neff filed this products liability suit seeking recovery for injuries sustained when he dived head first into a swimming pool manufactured by Appellee Coleco. The district court granted Appellee's motion for summary judgment and held that there were no issues of material fact in dispute and that under Kansas law Appellee had no duty to warn Appellant about the dangers of diving head first into a shallow pool. Alternatively, the court held that Appellee's failure to warn Appellant was not the proximate cause of Appellant's injuries.
 
 
 3
 The material facts in this case are not in dispute. While attending a party at a friend's house, Appellant swam and dived into the friend's above ground pool. The pool was manufactured by Appellee. Appellant had dived into the pool on numerous occasions and knew that it was four feet deep. At the time of the accident Appellant was twenty-five years of age, stood six feet, two inches tall, and weighed approximately 175 pounds. Appellant had never come in contact with the bottom of the pool as a result of a dive. After making several safe dives into the pool, Appellant attempted to dive head first through an inner tube that was floating four to six feet from the edge of the deck. While executing this dive, Appellant struck his head on the bottom of the pool causing severe injury. As a result of the injury, Appellant is now a quadriplegic.
 
 
 4
 Appellant claims that the district court erred in granting summary judgment for Appellee. We review the district court's grant of summary judgment de novo. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.). Summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Id.
 
 
 5
 Under Kansas law, there is no duty imposed on a manufacturer or seller to warn or protect against "dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product." K.S.A. § 60-3305(c).
 
 
 6
 We agree with the district court that "the risk of propelling a six-foot, two-inch frame head first into shallow water is patent, open and obvious and should be readily apparent to a reasonable user of the swimming pool." (D.Ct.Op. at 10.) Therefore, the district court properly granted summary judgment in favor of Appellee.
 
 
 7
 Accordingly, the judgment of the District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3